529 A.2d 608

David Rippy, Appellant *v.* Max A. Fogel and Commonwealth of Pennsylvania, Appellees.

Argued February 24, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Mark E. Squires*, with him, *William J. Taylor, Taylor & Taylor*, for appellant.

*Daniel R. Sherzer*, Deputy Attorney General, for appellee.

OPINION BY JUDGE BARRY, August 7, 1987:

David Rippy, the appellant/plaintiff, appeals from an order of the Court of Common Pleas of Delaware County which sustained a demurrer of the Commonwealth (appellee/defendant), thereby dismissing appellant's complaint against the Commonwealth.

On October 28, 1984, plaintiff was the passenger in an automobile driven by defendant Max A. Fogel. At approximately 2:45 a.m., the automobile collided with a deer walking on the highway. Following the collision, the Fogel auto left the road and struck a tree. Plaintiff was severely injured.

Plaintiff sued both Fogel and the Commonwealth in the Court of Common Pleas of Delaware County. The Commonwealth filed a demurrer, alleging, *inter alia,* that the action against it did not fall within any of the specifically enumerated exceptions to sovereign immunity contained in 42 Pa. C. S. §8522(b). The trial court agreed with the Commonwealth and dismissed the complaint. This appeal followed.

Appellant argues now, as he did in the trial court, that the exception contained in 42 Pa. C. S. §8522(b)(4) is applicable. That subsection allows liability against the Commonwealth for "[a] dangerous condition of . . .

highways under the jurisdiction of a Commonwealth agency. . . ." *Id.* Appellant argues that, because of a large deer herd in the area of the accident, there had been numerous prior collisions between car and animal on this stretch of Commonwealth highway and that the Commonwealth had notice of these accidents. Because the Commonwealth knew of these repeated instances of deer on the highway causing accidents and yet did nothing to correct the situation, appellant believes that a deer on the highway constitutes a "dangerous condition" for which the Commonwealth can be liable. We disagree.

Appellant relies upon two cases of this Court in support of his position. In *Mistecka v. Commonwealth*, 46 Pa. Commonwealth Ct. 267, 408 A.2d 159 (1979), individuals were injured by rocks thrown from an overpass, not under the control of the Commonwealth, at cars travelling on a Commonwealth highway below. We reversed motions for judgment on the pleadings in favor of the Commonwealth, stating:

> As a matter of law, we must conclude that such a situation is a 'condition' within the terms of subsection (a)(4) [the predecessor to the present subsection (b)(4)]. Among the ordinary meanings of the word 'condition' is reference to 'a state of affairs that hampers or impedes or requires correction.' Webster's New Collegiate Dictionary 235 (1977). Most importantly, it is clear that the circumstances here give rise to a condition which is related to travel on the highway and is conceivably correctable.

*Id.* at 273, 408 A.2d at 162. Appellant also relies upon our decision in *Wyke v. Ward*, 81 Pa. Commonwealth Ct. 392, 474 A.2d 375 (1984), where we held that the question of whether an allegedly defective design of a highway constituted a "dangerous condition" was a jury

question. According to the argument advanced by appellant, the factual scenario of this case is indistinguishable from *Mistecka* and it was, therefore, error not to present the question of whether the deer on the highway was a dangerous condition to the jury.

We must admit that there is a certain amount of appeal to this argument. In fact, in his concurring and dissenting opinion in *Mistecka,* our former colleague, Judge GLENN MENCER, stated, "[t]oday's holding will logically result in the Commonwealth's being subject to suit in every automobile accident on a state highway caused by a deer or other wild animal in crossing the road, since surely the Commonwealth is chargeable with the knowledge that such animals do so with great frequency." *Id.* at 278, 408 A.2d at 164. On close examination, however, we believe the present factual situation is distinguishable. Repeating our crucial statement in *Mistecka,* "it is clear that the circumstances here give rise to a condition which is related to travel on the highway *and is conceivably correctable." Id.* at 273, 408 A.2d at 162 (emphasis added). Short of fencing every inch on Commonwealth-owned highways in non-urban areas or permitting a wholesale obliteration of this Commonwealth's deer population, we can conceive no method of correcting the problem of wild animals wandering onto the highways. As neither of these methods is feasible, the problem of wild animals on the highways is simply not "conceivably correctable" and, for that reason, *Mistecka* is inapposite.[1]

Affirmed.

---

[1] We have grave doubts that *Mistecka* is even the law following the Supreme Court's recent decision in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). There a violent juvenile offender with a history of escaping from detention facilities and committing sexual assaults escaped from a detention center of the City of Philadelphia and sexually assaulted the female members of a

## ORDER

Now, August 7, 1987, the order of the Court of Common Pleas of Delaware County, dated March 7, 1986, at No. 85-4348, *is* affirmed.

---

family while burglarizing their home. The family members sued the City, alleging that the juvenile had escaped because of negligent maintenance of the detention center. We held the case to fall within the real property exception of 42 Pa. C. S. §8542(b)(3). The Supreme Court reversed and held that immunity was waived under the real property exception only in cases where an artificial condition or defect of the land itself was the cause of the injury. While *Mascaro* involved immunity of political subdivisions and *Mistecka* involved immunity of the Commonwealth, the similarities of the sections involving real property cast serious doubt on the continued validity of *Mistecka.*