## Brown v. B & B Construction Co. of Ohio Inc.

*Carl M. Moses,* for plaintiffs.

*Timothy R. Bonner,* for defendant Hermitage Municipal Authority.

FORNELLI, *J.,* July 19, 1988 — This case arises out of a personal injury negligence action filed by plaintiff Timothy Brown and his wife, Betty, arising from an accident on Lamor Road, Hermitage, Pennsylvania, involving plaintiff husband and his motorcycle. Plaintiffs allege that the accident was the result of gravel build-up on the road due to an adjacent sewer construction project. Plaintiffs have sued the contractors on the project, the owners of the project, the Hermitage Municipal Authority and the Commonwealth of Pennsylvania. Three of the defendants, Hermitage Municipal Authority, Figley Beshara Inc. and Williams Bros. have filed preliminary objections with this court.

Hermitage has filed a demurrer claiming governmental immunity under 42 Pa.C.S. §8541. Section 8542 contains specific exceptions to this grant of immunity. The exceptions pertaining to streets, found in subsection (b)(6), require either ownership of the street by the local agency or a written contract between the local agency and a commonwealth agency for the maintenance and repair of such street by the local agency. No exception to 42 Pa.C.S. §8541 has been pled and thus, no valid cause of action has been alleged against Hermitage Municipal Authority. Accordingly, Hermitage's demurrer is granted pursuant to plaintiff's right to amend their complaint within 20 days to state a

cause of action if they can within the exceptions found in 42 Pa.C.S. §8542(b)(6).

The granting of the demurrer renders Hermitage's remaining issues concerning their alleged duty to post warning signs and the build-up of the gravel moot. We do, however, note that plaintiffs have merely alleged the existence of the gravel conditions as dangerous conditions "on" the road. It is well established that in order to plead into the exceptions to governmental immunity found in 42 Pa.C.S. §8542(b)(6), it must be alleged that a dangerous condition "of" the road itself caused the injury. *Gratkie v. Air Wisconsin Inc.*, 107 Pa. Commw. 461, 467, 528 A.2d 1032, 1035 (1987), citing *Mascaro v. Youth Study Center,* 514 Pa. 351, 362, 523 A.2d 1118, 1124 (1987); see also, *Rippy v. Fogel,* 108 Pa. Commw. 296, 529 A.2d 608 (1987); *Ambacher v. Penrose,* 92 Pa. Commw. 401, 499 A.2d 716 (1985). Accordingly, these allegations would not support a cause of action in light of Hermitage's immunity.

Both defendants Figley Beshara and Williams Bros. have filed motions for more specific pleading due to the fact that plaintiffs have alleged 33 separate allegations of negligence in their complaint, all of which are directed against all seven defendants in the alternative and/or jointly. Pleading a cause of action in the alternative is expressly permitted by Pa.R.C.P. 1020(c). Since the plaintiffs have properly pled their averments of negligence in the alternative, defendants' motions for more specific pleading must be denied.

Defendant Williams Bros. has also filed a demurrer alleging that because some of the facts in the complaint are inconsistent, no valid cause of action has been alleged against it. Defendant specifically points to paragraph 12 which avers alternatively

that all seven defendants were in exclusive custody, possession, supervision and/or control of the road; paragraph 16 — that all seven defendants caused the excavation of a ditch and piles of gravel, etc. to be piled; and paragraph 26 — that all seven defendants had exclusive custody, possession, supervision, and control of the area of the accident. Although we find that these averments are permitted under Pa. R.C.P. 1024(b) as long as the pleading also contains a verification which states that "the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that he has knowledge or information sufficient to form a belief that one of them is true." Since plaintiffs have failed to include such verification, their complaint shall be stricken subject to their right to amend to comply with Pa. R.C.P. 1024. See *Quaker State Chocolate & Confectionary Corporation v. Delhi-Warnock Building Association,* 357 Pa. 307, 53 A.2d 579 (1947).

Hence, this

## ORDER

And now, July 19, 1988, it is hereby ordered that defendant Hermitage Municipal Authority's demurrer be granted subject to plaintiffs' right to amend their complaint within 20 days to properly plead if they can any exceptions to governmental immunity; defendant Williams Bros.' demurrer is granted subject to plaintiffs' right to amend their complaint if they can to comply with Pa. R.C.P. 1024(b). Defendant Williams Bros. and Figley Beshara's motions to strike are denied.

If plaintiffs have not within 20 days so amended their complaint against Hermitage Municipal Authority, that complaint is dismissed. If plaintiffs

have not filed the amended affidavit in compliance with Pa.R.C.P. 1024(b) within 20 days, its complaint against Williams Bros. is dismissed.