## Boshell v. PennDOT

*Patrick C. Carey and Richard G. Fine,* for plaintiffs.
*Stephen E. Geduldig,* for defendants.

HARHUT, *J.* August 16, 1988 — This matter comes before the court by way of preliminary objections of the defendant Commonwealth of Pennsylvania, Department of Transportation.

On December 5, 1986, plaintiff Anita Boshell operated her vehicle on Interstate 84 West, near the intersection with Pa. 507. A deer ran in front of her vehicle. She attempted to avoid the deer and the vehicle left the roadway and crashed. Plaintiffs have sued PennDOT for their alleged injuries.

Plaintiffs have amended their complaint and argue that defendant fenced an area of one side of Interstate 84 but left a gap in the fence where the deer in question entered the highway. In addition, plaintiffs argue that defendant knew or should have known that deer frequented that area and that they should have posted warning signs to alert motorists of possible deer crossings.

Defendant Commonwealth of Pennsylvania, Department of Transportation (PennDOT) argues that plaintiffs have failed to set forth any facts which fall within an exception to sovereign immunity set forth in 42 Pa.C.S. § 8522 (b), and the complaint should, therefore, be dismissed.

The commonwealth and its agencies are generally immune from suit, except where immunity is specifically waived in 42 Pa.C.S. § 8522(b).

Plaintiffs argue that their complaint, as amended falls within the real estate exception to sovereign immunity found in 42 Pa.C.S. § 8522(b)(4). That exception provides that liability may be imposed on the commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

"(4) *Commonwealth real estate, highways and side-walks* — A dangerous condition of common-

wealth agency real estate and sidewalks, including commonwealth-owned real property, leaseholds in the possession of a commonwealth agency and commonwealth-owned real property leased by a commonwealth agency to private persons, and highways under the jurisdiction of a commonwealth agency, except conditions described in paragraph 5."

Defendant argues that a deer on a commonwealth highway as a matter of law, is not a "dangerous condition" of a highway, and cites *Rippy v. Fogel*, 108 Pa. Commw. 296, 529 A.2d 608 (1987) as its authority.

In *Rippy*, plaintiff was a passenger in a vehicle which collided with a deer walking on a highway, and sued the commonwealth. The Commonwealth Court held that the problem of wild animals on the highways is simply not conceivably correctable and that a deer on a highway was not a "dangerous condition" for which the commonwealth can be held liable.

*Rippy* is indistinguishable from the case before us. The only difference in the case at bar is that PennDOT did place some fencing along a section of the interstate.

Whether PennDOT takes some affirmative action or not in order to try to prevent wild animals from entering our roadways is simply irrelevant under our analysis of the real estate exception to sovereign immunity. A deer is not part of a highway and cannot, therefore, be a dangerous condition of a highway. It may be dangerous on a highway, but no immunity is provided for conditions on a highway which the commonwealth has little or no ability to control, like wild animals. Moreover, PennDOT has an enormous burden maintaining the thousands of

miles of roadway in this commonwealth. It cannot reasonably be expected to assume responsibility of policing all the wild animals in this state and keeping them from wandering onto our highways.

We are of the opinion, therefore, that plaintiffs have failed to set forth any facts which fall within the real estate exception to sovereign immunity under 42 Pa.C.S. § 8522(b), and the commonwealth is, therefore, immune from suit.

## ORDER

Now, August 16, 1988; defendant's preliminary objections are sustained and plaintiffs' complaint is dismissed.