## Zinskie v. Terraciano

C.P. of Monroe County, no. 10430 CV 2007.

*Lawrence A. Durkin,* for plaintiffs.
*Jennifer L. LeVan,* for defendants.

SIBUM, *J.*, November 29, 2010—This matter comes before the court on defendants' motion for summary judgment. Plaintiffs commenced this action seeking to recover damages for injuries sustained as a result of an automobile accident allegedly caused by defendants' negligence. Plaintiffs claim defendants were negligent in failing to remove an injured deer from plaintiff Paul Zinskie's lane of travel after defendant Angela Terraciano hit the deer while traveling on Interstate 80. Plaintiffs filed a complaint on January 25, 2008. Defendants filed an answer with new matter on February 20, 2010, and plaintiffs responded by filing a feply to defendants' new matter on February 26, 2010. Defendants then filed a motion for summary judgment and supporting brief on July 2, 2010. Plaintiffs filed an answer to the motion for summary judgment, affidavit, and opposing brief on October 1, 2010.

Both parties argued their respective positions before the court on November 1, 2010, and we are now prepared to decide this matter.

## DISCUSSION

Pennsylvania Rule of Civil Procedure §1035.2 permits the trial court to dismiss an action after the close of pleadings where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment may only be entered where the pleadings, depositions,

answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. *Brecker v. Cutler*, 578 A.2d 481 (Pa. Super. 1990).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (Pa. 1989). Only when the facts are so clear that reasonable minds cannot differ may a trial court properly enter summary judgment. *Basile v. H&R Block*, 563 Pa. 359, 761 A.2d 1115 (2000). The trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Potter v. Herman,* 762 A.2d 1116 (Pa. Super. 2000). The moving party bears the burden of proving that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997).

In response to a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973). Failure to allege such specific facts will result in summary judgment, if appropriate, against the non-moving party. Pa.R.C.P. 1035.3; *Overly v. Kass*, 554 A.2d 970 (Pa. Super. 1989). The court must also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.*, 440 A.2d

616 (Pa. Super. 1982). The court must ignore contested facts contained in the pleadings and restrict its view to allegations in the pleadings that are uncontroverted and to material filed in support of and in opposition to a motion for summary judgment. *Nationwide Mutual Ins. Co. v. Nixon*, 682 A.2d 1310, 1313 (Pa. Super. 1996), allocator denied, 693 A.2d 589 (Pa. 1997) (citation omitted).

In the case now before the court, plaintiffs contend that defendants were negligent in failing to avoid hitting a deer on the highway, failing to take steps to alert oncoming vehicles of the injured deer in the road, and failing to remove the injured deer from the travel lanes and/or contact authorities to remove the deer. Defendants, on the other hand, filed a motion for summary judgment claiming that they owed no duty of care to plaintiffs at the time of the accident nor had an affirmative duty to either alert oncoming vehicles of a hazardous condition on the roadway within minutes after the accident occurred or remove the injured deer from the highway. Defendants argue that since no duty of care was owed to plaintiffs, there are no genuine issues of material fact regarding liability in this case, and defendants are entitled to summary judgment.

In order to render our decision on defendants' motion for summary judgment, we must review the facts in the light most favorable to the non-moving party. The record reveals the following. On December 2, 2005, defendant Angela Terraciano was driving her vehicle on Interstate 80 west. [complaint, ¶6, 7; answer, ¶6, 7] Her husband,

defendant James Terraciano, was following behind her driving a truck. [complaint, ¶7; answer, ¶7] While Angela Terraciano was traveling west bound on the interstate, a deer appeared in her travel lane causing her to hit the deer, seriously injuring it. [complaint, ¶8; answer, ¶8] After hitting the deer, Angela Terraciano pulled her vehicle off the roadway onto the south berm of the highway. [complaint, ¶9; answer, ¶9] James Terraciano then pulled his truck off the road and stopped behind his wife's vehicle. [*Id.*] Plaintiff Paul Zinskie's vehicle, while also proceeding west on Interstate 80, subsequently hit the injured deer that was lying in the roadway, causing his vehicle to leave the travel lanes and hit the rear of James Terraciano's truck. [complaint, ¶12; answer, ¶12] Plaintiffs argue that the hitting of the deer by Paul Zinskie was caused by the negligent acts of Angela Terraciano. [complaint, ¶15]

Plaintiffs specifically allege that Angela Terraciano's act of hitting the deer and not taking steps to remove it from the travel lanes of the highway, and/or warn oncoming vehicles of a hazardous condition violated a duty of care she owed to Paul Zinskie. [complaint, ¶16] Plaintiffs further allege that James Terraciano violated a duty of care by failing to remove the deer from the highway, failing to alert oncoming vehicles, and/or exiting his parked vehicle and talking with his wife while the injured deer continued to occupy the travel lanes. [*Id.* at 30] Furthermore, plaintiffs aver that defendants did not utilize their four-way flashers; however, defendants assert that James Terraciano exited his vehicle, leaving his

headlights and four-way flashers on. [MSJ, ¶9; answer to MSJ, ¶9] As a result of these events, defendants' negligent actions caused Paul Zinskie to be seriously injured and his vehicle to be badly damaged. [complaint, ¶13, 31]

Defendants, in their motion for summary judgment, argue that plaintiffs have failed to provide facts to support their averments that defendants owed a duty of care to plaintiff Paul Zinskie and violated said duty of care. [MSJ, ¶13, 14][1] Defendants aver that they did not owe a duty of care to plaintiffs and therefore did not breach that duty nor did they have an affirmative duty to alert oncoming vehicles of a hazardous condition or remove the injured deer from the travel lanes. [MSJ, ¶18-20] Therefore, defendants aver there are no genuine issues of material fact regarding liability in this case. We agree.

Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances. *Martin v. Evans*, 551 Pa. 496, 502, 711 A.2d 458, 461 (Pa. 1998), citing *Lanni v. Pennsylvania R. Co.*, 88 A.2d 887 (Pa. 1952). To recover under a claim for negligence, the plaintiff must prove the following elements: "that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage." *Martin, Id.* at 461, 711 A.2d 458 at 502. The mere occurrence of an accident does not establish negligent conduct; rather, the plaintiff carries

---

1. Reference to defendants' motion for summary judgment will be cited as [MSJ, ¶___.].

the burden of establishing that the defendant engaged in conduct that deviated from the general standard of care expected under the circumstances. *Id.*

Under the negligence standard, we must first determine whether defendants owed a duty of care to plaintiffs at the time the incident occurred. The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the public interest in the proposed solution. *Gutteridge v. A.P. Green Services, Inc.,* 804 A.2d 643, 655 (Pa. Super. 2002). (internal citations omitted) Unless there is a duty upon the defendant in favor of the plaintiff which has been breached, there can be no cause of action based upon negligence.

In *Rippy v. Fogel,* 529 A.2d 608 (Pa. Cmwlth. 1987), an injured passenger sued both the driver and the commonwealth for injuries sustained when the driver's automobile collided with a deer walking on the highway. *Rippy,* 529 A.2d at 609. The commonwealth filed a demurrer alleging that the action against it did not fall within any of the enumerated exceptions to sovereign immunity, specifically 42 Pa.C.S.A. §8522(b)(4), which allows liability against the commonwealth for a dangerous condition of the highway. *Id.* The Commonwealth Court held that a deer on the highway was not a dangerous condition of the highway upon which to predicate liability

and granted the commonwealth's demurrer. *Id.*

Although the concept of sovereign immunity is inapplicable to the instant case, we find it unreasonable to hold a private citizen to a standard to which the commonwealth itself is not even held. The court in *Rippy* held that the commonwealth was not responsible for injuries caused by a vehicle colliding with a deer on the highway. We believe the same should apply to motorists. We find no case law, nor have the plaintiffs provided the court with any, which states that a motorist owes a duty of care to another motorist in regards to either hitting a deer, removing an injured deer from the roadway, or alerting oncoming traffic of a dangerous condition. Furthermore, the *Rippy* court specifically held that a deer on the highway was not a dangerous condition upon which to predicate liability. As such, we cannot impose a duty of care on defendants. We also find it necessary to state that we know of no court that has imposed a duty upon a motorist to remove a large, injured deer from the highway. Such risk imposes a great safety issue and we find it unreasonable to hold defendants to such a standard.

Having determined that defendants did not owe a duty of care to plaintiffs, it is unnecessary to determine the remaining negligence factors since defendants could not have breached a duty to plaintiffs. As such, we find no genuine issues of material fact exist as to negligence in this case. Defendants' motion for summary judgment will be granted.

Accordingly, we enter the following order.

And now, November 29, 2010, defendants' motion for summary judgment is granted.