Erie Insurance Exchange v. Davidson

*Joseph P. Walsh*, for plaintiff.
*Michael B. Kaspszyk*, for defendants.

HIGGINS, *J.*, September 5, 2013—The pertinent facts in this case are not at issue. On May 22, 2009, defendant Kimberly Davidson was a passenger in a Ford E-350 Mini School Bus van being operated by Rebecca Achey. Ms. Davidson was employed as a "bus aide" at First Student which required her to assist children on and off the bus. On May 22, 2009, Zachary Sasz was operating a 2001 Pontiac Grand Am which was struck by a vehicle being driven by Allison Phelps. As a result of that collision, the Sasz vehicle was pushed into the opposite lane of travel causing a collision with the bus van being operated by Ms. Achey. Ms. Davidson suffered personal injuries as a result and she subsequently settled her third party claim against Ms. Phelps. Thereafter, Ms. Davidson submitted a claim for UIM benefits under her commercial policy ("policy") issued by plaintiff, Erie Insurance Exchange (hereinafter "Erie"). Erie denied Ms. Davidson UIM benefits under the "regular use" exclusion in the policy. Erie then filed the instant action seeking a declaratory judgment regarding its rights and obligations under the policy, i.e., to wit: whether the regular use exclusion contained in the defendants' policy excludes UIM coverage for Ms. Davidson. After the pleadings closed, Erie filed a motion for summary

judgment ("motion"). We heard oral arguments from the parties and reviewed the briefs filed of record. We are now prepared to rule on Erie's Motion.

Pennsylvania Rule of Civil Procedure 1035.2 states that any party may move for summary judgment in whole or in part whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, and the moving party is entitled to judgment as a matter of law. *Gutteridge v. A. P. Green Services, Inc.*, 804 A.2d 643 (Pa. Super. 2002). A trial court may dismiss all or part of a claim after the close of pleadings through summary judgment *Wilson v. El-Daief*, 600 Pa. 161, 964 A.2d 354 (2009). To prevail on a motion for summary judgment, the moving party bears the burden of proving that no genuine issues of material fact exist as to a necessary element of the cause of action or defense. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648 (Pa. Super. 1999). The court must view the record in the light most favorable to the party opposing the motion for summary judgment and resolve all doubts as to the existence of genuine issues of material fact against the moving party. *Potter v. Herman*, 762 A.2d 1116 (Pa. Super. 2000). The trial court may only enter summary judgment when the facts are so clear that reasonable minds cannot differ. *Basile v. H & R Block, Inc.*, 563 Pa. 359, 761 A.2d 1115 (2000).

The party opposing a motion for summary judgment may not rest on mere allegations or denials in the pleadings, but must identify evidence of a dispute of material fact presented by the record in the case. Pa. R.C.P. 1035.3; *McCarthy v. Dan Lepore & Sons Co., Inc.*, 724 A.2d 938 (Pa. Super. 1998) The record, for the purposes of a motion for summary judgment, consists of pleadings, depositions,

answers to interrogatories, admissions, affidavits, and reports signed by an expert witness that would, if filed, comply with Rule 4003.5(a)(1). Pa. R.C.P. 1035.1.

In its motion, Erie argues that UIM coverage is not available to Ms. Davidson under the "regular use" exclusion in the policy. Specifically, Erie claims that the policy excludes coverage for bodily injury to an insured using a non-owner motor vehicle which is regularly used by the insured and which is not insured by UIM benefits. In opposition, defendants argue that Ms. Davidson's job responsibilities do not require her to operate the bus and that she does not possess a commercial driver's license ("CDL") which would allow her to operate the bus. The parties agree that Ms. Davidson was a regular passenger on the bus in which she was occupying when it was involved in the collision that caused Ms. Davidson's injuries. Ms. Davidson does not possess a CDL which she testified is required to operate the bus. Therefore, the issue before the court is whether a passenger, who regularly occupies a non-owned motor vehicle, is considered to be "using" the non-owned motor vehicle pursuant to the policy's terms.

Under Pennsylvania law, the court's primary task in contract interpretation is determining the intent of the parties. *401 Fourth St., Inc. v. Investors Ins. Group*, 583 Pa. 445, 879 A.2d 166 (2005) (citation omitted). In determining the intent of the parties, we look to the terms used in the written insurance policy. *Gene and Harvey Builders, Inc. v. Pennyslvania Manufacturers' Association, Ins. Co.*, 512 Pa. 420, 517 A.2d 910 (1986) (citation omitted).

When there is ambiguous language, the policy is

to be construed in favor of the insured, "to further the contract's prime purpose of indemnification," *401 Fourth St., supra* 583 Pa. at 455. Conversely, where the contract's terms are unambiguous, we are required to give effect to that language. *Id.* Merely because the parties interpret the contract differently does not mean it is ambiguous. *Espenshade v. Espenshade*, 729 A. 2d 1239, 1242 (Pa. Super. 1999). Only where different constructions are capable of being understood in more than one sense is a contract ambiguous. *Insurance Adjustment Bureau v. Allstate*, 905 A. 2d 462, 468-69 (Pa. 2006).

Based upon the above, we will focus our inquiry on the following language contained in the policy:

WHAT WE DO NOT COVER-EXCLUSIONS

This insurance does not apply to:

10. bodily injury to you or a resident using a non-owned motor vehicle or a non-owned miscellaneous vehicle which is regularly used by you or a resident, but not insured for Uninsured or Underinsured Motorists Coverage under this policy. (emphasis in original) See page 2, paragraph 10 of policy attached as Exhibit "B" of plaintiff's complaint.

Erie argues that Ms. Davidson suffered bodily injury while using a non-owned motor vehicle which was not insured under this policy. On the other hand, defendants contend that Ms. Davidson was not "using" the vehicle because she was a passenger and she is unable to drive the vehicle. Neither party disputes that Ms. Davidson was a regular passenger on the bus, accordingly, our inquiry turns to whether being s passenger on the bus is construed

as "using" the bus.

Initially, we note that the definition sections contained within the policy do not define "using" or "using a non-owned motor vehicle." Erie argues that this "regular use" exception was upheld as clear and unambiguous in the case of *Brink v. Erie Insurance Group*, 940 A.2d 528 (Pa. Super. 2008). In *Brink*, the Superior Court addressed the issue of whether a police officer's use of a police vehicle was "regular use" as expressed in the exclusions contained in the insurance policy, which would determine if coverage was excluded under Erie's policy. The Superior Court determined that the police officer regularly used the police vehicle which triggered exclusion on his personal Erie Insurance policy. In its opinion, the Superior Court reasoned that the police officer had regular access to a police vehicle, even if it was a different vehicle in the fleet. Accordingly, coverage was denied in *Brink*.

However, instantly, the parties do not take issue with whether Ms. Davidson had regular access to the bus, but rather, whether being a passenger is "using a non-owned vehicle" as contemplated within the provisions of the policy. In the case cited by defendant, *Erie Insurance Exchange v. E.L., ex rel. Lowry*, 941 A2d 1270 (Pa. Super. 2008), the Superior Court encountered similar issue. In *Lowry*, the insurance policy did not define "using" within the insurance policy. The *Lowry* court specifically determined that "using" and "occupying" are not interchangeable. Since the insurance policy did not define using, the *Lowry* court relied on a Pennsylvania Supreme Court decision[1] which stated that the term "use" must be considered with

---

1. *Erie Insurance Exchange v. Transamerica Insurance Company*, 516 Pa. 574, 533 A.2d 1363, 1367 (1987).

regard to the setting in which it is employed. The *Lowry* court then determined that the "method or manner of employing a vehicle is to physically operate it." *Lowry, supra,* 941 A.2d at 1276 (citation omitted). In *Lowry,* an 11 year old child was a passenger at the time of the accident. The *Lowry* court held that since the 11-year-old could not possess a driver's license, the child could not operate the motor vehicle and therefore was not "using" the car at the time of the accident.

Instantly, while Ms. Davidson may very well be capable of driving the bus, it is illogical to conclude that she regularly uses the bus when she does not maintain a CDL. [Notes of testimony, deposition of Kimberly Davidson, January 9, 2013, p. 14] Many of the cases cited by Erie involve facts where the claimant was a passenger but a qualified driver of the non-owned vehicle. In those cases although the claimants were passengers or occupants, those claimants had the ability to use or operate the vehicle, or one of the vehicles in the fleet, as part of their job description. However, in the instant case, Ms. Davidson's employer did not require her to operate the bus and Ms. Davidson testified that she could not operate the bus without a CDL. Hence, Ms. Davidson is prohibited, legally, from operating the bus. As stated in *Lowry, supra,* Erie could have "utilized more precise language such as 'occupied', if it intended to preclude coverage," *Id.,* 941 A.2d at 1277 (citation omitted), in an instance such as those in the instant case. Since we find that the contractual language is ambiguous, we must construe the policy language in favor of defendants. Accordingly, Erie's motion will be denied.

In light of the foregoing, we enter the following order:

## ORDER

And now, this 5th day of September, 2013, after argument and in consideration of plaintiff's motion for summary judgment and the briefs filed of record, it is hereby ordered that plaintiff's motion for summary judgment is denied.