# Fagnilli v. Fagnilli

*Susan M. Papa*, for plaintiff.
*Mary J. Fagnilli*, pro se defendant.
*Norman J. Barilla*, for additional defendant.

HODGE, *J.*, September 18, 2013—Before the court for disposition is a motion for summary judgment filed on behalf of the additional defendant, Debbie LaScola. Prior to addressing the merits of the pending motion for summary judgment, the court will provide the following summation of the relevant procedural and factual background of this case:

The plaintiff, Walter A. Fagnilli (hereinafter, "husband"), and the defendant, Mary J. Fagnilli (hereinafter, "wife"), are husband and wife. On February 24, 2011, husband initiated the instant action by filing a complaint in divorce. On July 24, 2012, husband filed a motion for joinder, wherein husband requested to add wife's adult daughter, Debbie LaScola, as an additional defendant to these proceedings. Husband alleged that wife fraudulently obtained a mortgage on the parties' marital residence to pay the mortgage on LaScola's personal residence. The court granted husband's request and joined LaScola as an additional defendant.

On March 12, 2013, husband filed a motion to compel answers to discovery requests against LaScola. The court granted husband's request, and LaScola was directed to provide husband with responses within seven days. Husband subsequently filed a motion for sanctions because LaScola failed to furnish responses to his discovery requests. On May 16, 2013, LaScola filed a notice of service of answers to plaintiff's interrogatories. On June

4, 2013, LaScola filed a motion for summary judgment, which was scheduled for argument on July 31, 2013. LaScola's motion for summary judgment is property before the court for disposition.

LaScola bases her motion for summary judgment on the contention that she is not an indispensible party to the instant action. LaScola further argues that she was not properly served with notice of the underlying complaint, and that any attempt to subsequently serve LaScola is now untimely. Furthermore, LaScola argues that husband has failed to file a pleading against her as an additional defendant, pursuant to Rule 2253(b) of the Pennsylvania Rules of Civil Procedure.

Husband alternatively argues that LaScola was provided notice of the motion for joinder presented on June 24, 2012, and that the pleadings are sufficient to warrant naming LaScola as an additional defendant. Although wife personally appeared before the court at the time of argument, wife offered no position on the instant motion for summary judgment.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The Rule states:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action

or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n*, 732 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller*, 640 A.2d 888 (Pa. 1994)). Summary judgment is proper only when the uncontroverted allegations of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Potter v. Herman*, 762 A.2d 1116, 1117 (Pa. Super. 2000).

To dispose of the pending motion for summary judgment in an efficient manner, the court will first address LaScola's challenge to improper and untimely service of process. A party who fails to object to service of process in the form of preliminary objections waives that claim. *Cinque v. Asare*, 585 A.2d 490, 492 (Pa. Super. 1990);

*Martin v. Gerner*, 481 A.2d 903, 907 (Pa. Super. 1984) (holding that defects in service of process must be raised in preliminary objections). LaScola's current counsel filed an entry of appearance on May 13, 2013. Three days later, LaScola filed notice of service of answers to plaintiff's interrogatories. A party can waive service of process by various means and become a party to a suit by filing an appearance. *Peterson v. Philadelphia Suburban*, 255 A.2d 577 (Pa. 1969). It is untimely and improper for LaScola to object to service of the underlying complaint following an appearance entered on her behalf in addition to answers being filed to [husband's] interrogatories. Summary judgment is not the proper pleading to raise an objection to the form or timeliness of service. Prime *Properties Development Corp. v. Binns*, 580 A.2d 405, 500-01 (Pa. Super. 1990) (a request to join third party may be challenged by preliminary objections permitting the joinder); *Martin, supra.* The court therefore denies LaScola's motion for summary judgment on the basis of improper service of process.

LaScola next contends that husband failed to file a pleading against her pursuant to Rule 2253(b) of the Pennsylvania Rules of Civil Procedure. Rule 2253 (b) provides that

> (b) Any party may object to a motion to join an additional defendant after the period prescribed by subdivision (a) on the ground that the party will be prejudiced by the late joinder. The plaintiff may also object to the late joinder on the ground that the joining party has not shown a reasonable justification for its

delay in commencing joinder proceedings.

Pa.R.C.P. 2253(b).

Consistent with the Superior Court of Pennsylvania's holding in *Binns, supra*, the court finds that LaScola's objection pursuant to Rule 2253 (b) should have been raised by preliminary objection. A motion for summary judgment asserting prejudice is improper. Furthermore, LaScola raises the issue of prejudice generally without asserting any factual basis for her claim. LaScola's motion for summary judgment pursuant to Rule 2253(b) is therefore denied.

Lastly, LaScola argues that she is not an indispensible party to the underlying complaint, pursuant to Rules 1920.34 and 2252(a) of the Pennsylvania Rules of Civil Procedure. Rule 1920.34 provides:

At any stage of an action, the court may order the joinder of any additional person who could have joined or been joined in the action and may stay the proceedings in whole or in part until such person has been joined. The action may proceed although such person has not been made a party if jurisdiction over that person cannot be obtained and that person is not an indispensable party to the action.

Pa.R.C.P. 1920.34.

Rule 2252, pertaining to the right to join additional defendants, further provides:

(a) Except as provided by Rule 1706.1, any party may join as an additional defendant any person not a party

to the action who may be

(1) solely liable on the underlying cause of action against the joining party, or

\*\*\*

(4) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

Pa.R.C.P. 2252(a).

A party is "indispensible" when he or she "has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience." *Van Buskirk v. Van Buskirk*, 590 A.2d 4, 7 (Pa. 1991) (citing *Hartley v. Langkamp and Elder*, 90 A. 402, 403 (Pa. 1914) and *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788, 789 (Pa. 1975) ("In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction.")). The Note to Rule 1920.34 contemplates the exact circumstances of the instant case, i.e., "The joinder of persons other than husband and wife may be essential in claims...where persons other than the parties have an interest in property which is the subject matter of a distribution."

In the instant case, husband establishes that wife fraudulently obtained a mortgage on the parties' marital residence and provided the funds from the mortgage to LaScola. LaScola used the funds to cure the mortgage on her own residence. LaScola's residence could therefore be characterized as marital property. *See Liciardello v. Liciardello*, 570 A.2d 1062 (Pa. Super. 1990) (a court may find that a spouse has beneficial ownership of a property which is titled in the name of a third party, but acquired through marital sources). LaScola's interest in her residence is inherent thereby rendering her indispensible to these proceedings. LaScola's motion for summary judgment is therefore denied in its entirety.

Consistent with this opinion, the court will enter the following order of court:

## ORDER OF COURT

And now, this 18th day of September, 2013, with this matter being before the court on a motion for summary judgment, filed on behalf of the additional defendant, Debbie LaScola, with the plaintiff, Walter A. Fagnilli, appearing and being represented by Susan M. Papa, Esquire; the defendant, Mary J. Fagnilli, appearing pro se; and with the additional defendant, Debbie LaScola, appearing and being represented by Norman J. Barilla, Esquire, and consistent with the corresponding opinion, the court hereby orders and decrees as follows:

1. Additional defendant's, Debbie LaScola's, motion for summary judgment is denied.

2. The prothonotary shall properly serve notice of this

541

order of court and corresponding opinion upon counsel of record for the parties and upon any unrepresented party at their last known address as contained in the court's file.