682 A.2d 1310

NATIONWIDE MUTUAL INSURANCE COMPANY

v.

Paul C. NIXON and Christine Ann Nixon, Station House Restaurant, Joyce M. Knouse, James H. Knouse, Danielle Lynch, Rachel McRae, Julie Laforme and Jamie Livingston, Heather Thomas, Kristin Schneck, Kenneth D. Reish and Phyllis Reish.

Superior Court of Pennsylvania.

Argued June 13, 1996.

Filed Sept. 9, 1996.

72

Richard C. Angino, Harrisburg, for appellants.

Neil F. MacDonald, Wilkes–Barre, for Nationwide Mutual Ins., appellee.

Before TAMILIA, JOHNSON and MONTEMURO*, JJ.

TAMILIA, Judge.

Kenneth D. and Phyllis Reish appeal from the May 8, 1995 Order granting Nationwide Mutual Insurance Company's motion for summary judgment and declaring appellee is not legally obligated to provide coverage to its insureds or defend against any claims arising from an accident which caused injury to appellants and others.

On October 10, 1993, Christine Nixon, during the course of her employment with Station House Restaurant, was the driver of a 1989 Dodge Caravan, owned by her employers, James and Joyce Knouse, which was involved in a two-vehicle accident. At the time, Christine and her fellow-employees were returning from an event catered by the Station House Restaurant. Injured in the accident were Christine, a number of her co-workers,[1] and the appellants, occupants of the other vehicle involved in the accident. Christine was a listed insured on the Nationwide policy presently under consideration, issued to her father, Paul C. Nixon.[2] On December 28, 1993, Nationwide issued a letter denying coverage and relying on an Automobile Business Operations exclusionary clause. On October 31, 1994, the appellants filed suit against Christine, the restaurant and the Knouses. In response thereto, Nationwide filed a declaratory judgment action relying on an exclusionary clause, other than that indicated in its December 28, 1993 letter, which precluded coverage for accidents involving motor vehicles owned by an employer of the insured. Both plaintiff and defendants filed motions for summary judgment, Nationwide's motion was granted, and this appeal followed.

■ Appellants argue Christine's policy unreasonably extends coverage to an insured operating personal vehicles other than his own and, in a second clause, precludes coverage if the

* Retired Justice assigned to the Superior Court.

1. Co-defendants Danielle Lynch, Rachel McRae, Julie Laforme, Jamie Livingston, Eather Thomas and Kristin Schneck were passengers in the Caravan driven by Christine Nixon.

2. Paul C. Nixon is also a named defendant.

other vehicle is owned, rented or leased by an employer of an insured. By including such conflicting, ambiguous clauses, appellants argue, Nationwide violates its insureds' reasonable expectations and public policy. The pertinent section of the Nixons' Nationwide Century II Auto Policy is set forth below:

**Auto Liability**

**Coverage Extensions**

**Use of Other Motor Vehicles**

This insurance also applies to certain other motor vehicles as follows:

3. a motor vehicle owned by a non-member of your household and not covered in item 1. of this section [which refers to vehicles used when your listed insured vehicle is out of commission].

 a) This applies only to policies issued to individual persons (not organizations) and while the vehicle is being used by you or a relative. It protects the user, and any person or organization, except as noted below in b), who does not own the vehicle but is legally responsible for its use.

 b) *This does not apply to losses involving a motor vehicle*:

 (1) used in the business or occupation of you are a relative except a private passenger auto used by you, your chauffeur, or your household employee;

 (2) *owned, rented or leased by an employer of an insured;*

 (3) rented or leased by anyone for or on behalf of an employer of an insured; or

 (4) furnished to you or a relative for regular use. Furnished for regular use does not include a motor vehicle rented from a rental company for less than 28 days.

(Emphasis added.) It is appellants' position the policy is ambiguous in that it purportedly "extends coverage under § 3. b) (1) and (4) but takes it away under 3. b) (2) and (3)". (Appellants' brief at p. 7.) Based on the reasoning set forth below, we agree with the trial court's finding Nationwide is not obligated to provide coverage for or defend against claims brought against its insureds, the Nixons.

 "Generally, the proper construction of a policy of insurance is a matter of law which may properly be resolved by a court pursuant to a motion for summary judgment." *Frain v. Keystone Ins. Co.,* 433 Pa.Super. 462, 466, 640 A.2d 1352, 1354 (1994). As an appellate court, we are bound to consider certain principles which dictate when and under what circumstances a trial court may properly enter summary judgment. *Atkinson v. Haug,* 424 Pa.Super. 406, 622 A.2d 983 (1993). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him or her the benefit of all reasonable inferences to be drawn therefrom. *Stidham v. Millvale Sportsmen's Club,* 421 Pa.Super. 548, 618 A.2d 945 (1992). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the lower court's conclusion no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. The court must ignore controverted facts contained in the pleadings and restrict its review to material filed in support of and in opposition to a motion for summary judgment and to those allegations in pleadings that are uncontroverted. *Overly v. Kass,* 382 Pa.Super. 108, 554 A.2d 970 (1989). Summary judgment should not be entered unless the case is clear and free from doubt. *Hathi v. Krewstown Park Apartments,* 385 Pa.Super. 613, 561 A.2d 1261 (1989). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Accu–Weather Inc. v. Prospect Communications Inc.,* 435 Pa.Super. 93, 644 A.2d 1251 (1994). When interpreting an allegedly ambiguous insurance contract, the court must focus its attention on the reason-

able expectations of the insured. *Everett Cash Mutual Ins. Co. v. Krawitz*, 430 Pa.Super. 25, 633 A.2d 215 (1993). When the language is clear and unambiguous, the court is required to give effect to that language. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983); *Butterfield v. Giuntoli*, 448 Pa.Super. 1, 670 A.2d 646 (1995).

The Auto Liability section of the insureds' policy begins with an explanation of what particular damages the policy will cover if the insured is found legally liable. (*See* Appellants' Exhibit B, Nationwide's Century II Auto Policy, p. 6.) The section immediately following Coverage Agreement is titled Coverage Extensions and includes subsections titled Use of Trailers and Use of Other Motor Vehicles. (*Id.* at 7–8.) As set forth above, the latter section itemizes under what circumstances the Nationwide policy will provide coverage for vehicles other than those owned by the insured. Item 3 under the paragraph entitled Use of Other Motor Vehicles explains under what circumstances coverage will be extended to non-owned vehicles (other than the unique circumstances listed in section one). A reading of the Use of Other Motor Vehicles section, in its entirety, plainly and unambiguously states coverage will *not* be extended to losses involving a vehicle owned by an insured's employer. Appellants' argument that sections 3 b(1) and (4) provide coverage while sections 3 b(2) and (3) deny coverage is obscure and without merit. Joyce Knouse, Christine's employer, was the registered owner of the 1989 Caravan Christine was driving when, while in the course of her employment, she was involved in an accident. The Nationwide policy was issued to Paul C. Nixon, insured Christine Nixon, and in plain and unambiguous language precluded coverage under the factual circumstances of the underlying tort action. We agree with the trial court's decision granting summary judgment in favor of Nationwide.

Appellants also contend Nationwide waived the defense of exclusion 3 b(2) by failing to include it in its reservation of rights letter sent to its insured Paul C. Nixon, as a result of the October 10, 1993 accident, on December 28, 1993. Appel-

lants argue "[i]t is apparent that Nationwide initially attempted to decline coverage based upon an inapplicable section of its policy and only later found another section on which to attempt to hang its hat". (Appellants' brief at 32.) Appellee Nationwide concedes it "inappropriately identified an inapplicable section of the policy" in its December 28, 1993 reservation of rights letter to the insured, but adds the letter *did* put its insureds on notice coverage would be denied. (Appellee's brief at 15.) Appellee also avers the insureds were not prejudiced by its misidentification of the clause upon which it planned to rely in support of its decision to deny coverage.

Appellants have provided this Court with no controlling caselaw in support of their position.[3] Furthermore, contained in appellants' reproduced record, at exhibit D, belying claims of prejudice, is correspondence from appellants' counsel to appellee, referring to a December 20, 1993 Nationwide letter wherein pages 7 and 8 of the policy were referenced in support of its denial of the Nixons' claim. Pages 7 and 8 of the policy contain the Use of Other Motor Vehicles section, as well as section 3 b(2), the clause upon which Nationwide has correctly relied in denying coverage. Lastly, as averred by appellee, appellants received notice of Nationwide's intended defense in its January 4, 1995 action for declaratory judgment, allowing appellants sufficient time within which to formulate an informed response. We find appellee's failure to include section 3 b(2) as a possible defense in its reservation of rights letter denying coverage did not so prejudice appellants' ability to defend as to constitute reversible error.

Having found appellants' arguments devoid of merit, we affirm the Order granting summary judgment in favor of Nationwide.

Order affirmed.

---

**3.** Appellants' reliance on *Aetna Life and Casualty Co. v. McCabe,* 556 F.Supp. 1342 (E.D.Pa.1983), is misplaced as the facts therein are distinguishable from those before this Court.