J-S17003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERIN C. DOONER, JEAN A. FONTE, JEFFREY KOWALSKI, GARY J. FEDORCZYK, AND PROGRESSIVE ADVANCED INSURANCE COMPANY | |
| APPEAL OF: JEAN A. FONTE | No. 2820 EDA 2017 |

Appeal from the Order Entered August 2, 2017
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 3140 CIVIL 2016

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 08, 2018**

Appellant, Jean A. Fonte, appeals from the August 2, 2017 order granting summary judgment in favor of Appellee, Progressive Advanced Insurance Company ("Progressive"). After careful review, we affirm.

The trial court summarized the following undisputed facts and procedural background of this case in its August 2, 2017 opinion:[1]

> Prior to the evening of May 15, 2014, Erin C. Dooner [("Ms. Dooner")] and [Appellant] [] were involved in a romantic relationship. While traveling in [Ms.] Dooner's vehicle, the couple was involved in a one[-]car accident. [Ms.] Dooner had a motor vehicle insurance policy number 173-0212-A08 through State Farm Mutual Insurance Company's [("State Farm")] business. As

---

[1] On September 20, 2017, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a), incorporating by reference its August 2, 2017 opinion, in which the court had previously addressed the issues raised by Appellant on appeal.

a result of this accident, [Ms.] Dooner was arrested and taken to the Monroe County DUI Center. [Appellant] then retrieved her own vehicle, a 2004 Dodge Stratus, in order to pick up [Ms.] Dooner from the DUI Center sometime after midnight on May 16, 2014. [Appellant's] vehicle was insured by an automobile policy through Progressive bearing the number 17067298-1 (hereinafter "the Fonte Policy"). Further, at the time[, Appellant] was residing with her mother, Frances Loomis, who had a home insurance policy number 26457524-2 (hereinafter "the Loomis Policy") through Progressive. As [Appellant] was driving the couple home, they began to fight. [Appellant] claims [Ms.] Dooner struck her in the face. As the fight continued, [Ms.] Dooner grabbed the bottom of the steering wheel and jerked it. This caused the Dodge Stratus to swerve into oncoming traffic and collide head-on with a police cruiser. The police cruiser was operated by Jeffrey J. Kowalski (hereinafter "[Officer] Kowalski"). Gary J. Fedorczyk (hereinafter "[Officer] Fedorczyk") was a front seat passenger in the police vehicle at the time of the accident.

[Appellant] and [Officer] Kowalski, along with his wife, have filed lawsuits in this [c]ourt against [Ms.] Dooner relating to the accident. These suits are respectively filed at 3416 CV 2014 and 1859 CV 2016. On April 27, 2016, [State Farm] filed a Complaint for Declaratory Judgment stating that it has no duty to defend, indemnify, or otherwise provide liability coverage to [Ms.] Dooner under [State Farm's] insurance policy. On June 16, 2016, [Appellant] filed a Joinder Complaint against Progressive[,] alleging the Fonte and Loomis Policies are applicable in this matter [to cover her own injuries]. On June 5, 201[7], Progressive filed a Motion for Summary Judgment seeking declaratory relief that no coverage was in effect [to cover injuries to Appellant]. Oral argument was not held in this matter and a decision was rendered based upon the submissions of the parties.

Trial Court Opinion ("TCO"), 8/2/17, at 1-3.

On August 2, 2017, the trial court entered an order granting Progressive's motion for summary judgment and finding that Progressive does not owe a duty of coverage for uninsured ("UM") and underinsured ("UIM") motorist benefits to Appellant in this case. Appellant filed a timely notice of appeal on August 25, 2017, followed by a timely Pa.R.A.P. 1925(b) concise

statement of errors complained of on appeal. Herein, Appellant presents the following issue for our review:

> Did the trial court commit [an] error of law and abuse its discretion by granting summary judgment on behalf of [Progressive], deciding that [Progressive] did not owe a duty of coverage in this case, when [Appellant] established that [she] is entitled to [UM] and/or [UIM] motorist benefits through her insurance company, Progressive, thus misapplying law and relevant precedent?

Appellant's Brief at 5.

> Preliminarily, we note that:

> Generally, the proper construction of a policy of insurance is a matter of law which may properly be resolved by a court pursuant to a motion for summary judgment. ***Nationwide Mut. Ins. Co. v. Nixon***, … 682 A.2d 1310, 1313 ([Pa. Super.] 1996). Thus, the issue of whether a claim is within a policy's coverage or barred by an exclusion is properly determined[,] provided that the policy's terms are clear and unambiguous so as to preclude any issue of material fact. ***See Butterfield v. Giuntoli***, … 670 A.2d 646, 651 ([Pa. Super.] 1995).

>> As with all questions of law, our scope of review of a trial court's order granting summary judgment is plenary. Our standard of review is the same as that of the trial court; we must review the record in the light most favorable to the nonmoving party granting [it] the benefit of all reasonable inferences and resolving all doubts in [its] favor. We will reverse the court's order only where the appellant … demonstrates that the court abused its discretion or committed legal error.

> ***Lewis v. Philadelphia Newspapers, Inc.***, 833 A.2d 185, 190 (Pa. Super. 2003) (internal citations omitted).

> When interpreting a policy of insurance, we employ an analysis which, while derived from the law of contracts, recognizes that most insurance transactions are not freely bargained between equals but are largely adhesive in nature. ***See Betz. V. Erie Ins. Exchange***, 957 A.2d 1244, 1252-53 (Pa. Super. 2008).

> Insurance policies, like all contracts, are enforceable in accordance with the language used[,] and the scope of their coverage may be determined by the court as a matter of law. *See Pappas v. UNUM Life Ins. Co. of Am.*, 856 A.2d 183, 187 (Pa. Super. 2004). "In construing a contract, the intention of the parties is paramount and the court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished." *Charles D. Stein Revocable Trust v. Gen. Felt Indus., Inc.*, 749 A.2d 978, 980 (Pa. Super. 2000).
>
> …

*Id.* at 1252-53 (Pa. Super. 2008).

*Safe Auto Ins. Co. v. Berlin*, 991 A.2d 327, 331 (Pa. Super. 2010) (quoting *Bishops, Inc. v. Penn Nat. Ins.*, 984 A.2d 982, 989-90 (Pa. Super. 2009) (footnotes omitted)). Moreover, "[w]hen construing a policy, words of common usage … are to be construed in their natural, plain and ordinary sense … and we may inform our understanding of these terms by considering their dictionary definitions." *Wagner v. Erie Ins. Co.*, 801 A.2d 1226, 1231 (Pa. Super. 2002) (internal citations and quotation marks omitted).

Section 1731(a) of the Motor Vehicle Financial Responsibility Law mandates that all motor vehicle liability insurance policies offer coverage for uninsured or underinsured motorists. 75 Pa.C.S. § 1731(a). "The purpose of [UIM] coverage is to protect the insured … from the risk that a negligent driver of another vehicle will cause injury to the insured … and will have inadequate liability coverage to compensate for the injuries caused by his negligence." *Kelly v. Nationwide Ins. Co.*, 606 A.2d 470, 474 (Pa. Super. 1992) (quoting *Wolgemuth v. Harleysville Mut. Ins. Co.*, 535 A.2d 1145, 1149 (Pa. Super.

1988)); *see also* 75 Pa.C.S. § 1731(c).  Similarly, UM coverage seeks to protect "persons who suffer injury arising out of the … use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles."  75 Pa.C.S. § 1731(b).[2]

Here, Appellant claims that the trial court erred in granting summary judgment in favor of Progressive, as she believes sufficient evidence was introduced to establish that she is entitled to UM or UIM coverage under the Fonte policy.  Appellant's Brief at 11.  According to Appellant, the uninsured or underinsured motorist in this instance is Ms. Dooner.  *Id.* at 10.  Appellant argues that Ms. Dooner was "in control" of the vehicle at the time of the accident and, in fact, caused the collision with the police cruiser.  *See id.* at 12-14.  She concludes that State Farm is, therefore, responsible for providing coverage to the limits of Ms. Dooner's policy for injuries sustained in the accident.[3]  Upon the exhaustion of the State Farm coverage, Appellant suggests that she would then be entitled to UIM coverage pursuant to the Fonte Policy.  Alternatively, if State Farm will not provide coverage, Appellant asserts that she would then be entitled to UM coverage under the Fonte Policy. *Id.* at 18.  We deem Appellant's claim to be meritless.

---

[2] In the instant case, both parties agree that the Fonte Policy covers UM and UIM benefits.  TCO at 4.

[3] "The State Farm policy at issue provides for coverage for a 'non-owned car' if the car is in *lawful possession* of you or any resident relative."  *Id.* at 12 (internal citation omitted) (emphasis added by Appellant).

Appellant bases her argument on the assumption that Ms. Dooner was in lawful possession of the Dodge Stratus when she grabbed the steering wheel and caused the crash. Contrary to Appellant's assertions, however, the issue of whether Appellant or Ms. Dooner was in control of the vehicle at the time of the accident is irrelevant in determining whether the Dodge Stratus qualifies for UM or UIM coverage under either the Fonte or the Loomis Policy.

First, we examine the applicable language of the Fonte Policy regarding UM and UIM coverage:

> INSURING AGREEMENT – UNINSURED MOTORIST COVERAGE
>
> If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
>
> 1. sustained by an insured person;
> 2. caused by an accident; and
> 3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle.[4]
>
> INSURING AGREEMENT – UNDERINSURED MOTORIST COVERAGE
>
> If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:

---

[4] The Fonte Policy expressly states that an "uninsured motor vehicle" does *not* include any vehicle: "a. owned by you [(the policyholder)] or a relative or furnished or available for the regular use of you or a relative; b. owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer that is or becomes insolvent; … f. that is a covered auto; or g. that is an underinsured motor vehicle." TCO at 6.

1. sustained by an insured person;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an underinsured motor vehicle.[5]

Progressive's Brief at 4. ***See also*** Progressive's Supplemental Reproduced Record at 16b.

Based on our plain reading of the policy, it is clear that neither a vehicle owned by the policyholder nor an auto shown on the declarations page qualifies as an uninsured or underinsured motor vehicle. Thus, we agree with the trial court that Appellant is not entitled to UM or UIM benefits from Progressive for injuries that were caused by the negligent conduct of a passenger in Appellant's own vehicle. As the trial court further explained,

> the [Fonte] policy is unambiguous that UM and UIM benefits do not apply to a vehicle the policyholder owns. There has been no dispute that [Appellant] was the holder of the Fonte Policy or that this accident occurred in the 2004 Dodge Status [*sic*] she owned. These facts alone would bar [Appellant] from claiming UM or UIM benefits. Additionally, the policy prevents claims for UM and UIM benefits for "covered autos." Covered autos are defined as "any auto or trailer shown on the declarations page for the coverages applicable to that auto or trailer." Progressive's Brief[,] Exhibit "D," p. 1. There is no dispute that the automobile covered by the policy was [Appellant's] 2004 Dodge Stratus. ***See*** Progressive's Brief, Exhibit "D". Therefore, based upon a plain reading of the insurance policy, [Appellant] cannot claim UM or UIM benefits for an accident which occurred in her own vehicle caused by a passenger in that vehicle.
>
> [Appellant's] argument regarding control of the vehicle is not relevant at this time. In this instance, the insurance policy

---

[5] The Fonte Policy defines an "underinsured motor vehicle," in relevant part, as one that is *not*: "a. owned by you [(the policyholder)] or a relative or furnished or available for the regular use of you or a relative; … e. that is a covered auto; or f. that is an uninsured motor vehicle." ***Id.*** at 6.

clearly looks to ownership of the vehicle the accident occurred in, and not who was driving it. [Appellant] also argues that preventing her from claiming UM or UIM benefits in this scenario will render the benefits useless. Pennsylvania courts have previously upheld such exceptions and declared them not to be against public policy. ***See Kelly v. Nationwide Ins. Co.***, [606 A.2d 470 (Pa. Super. 1992)]. In ***Kelly***, a husband and wife owned two cars which were covered under the same insurance policy. When the wife was injured while riding in one of the vehicles, she attempted to make a UM/UIM claim under the other half of the policy, claiming the couple's other vehicle had not been involved in the accident. The policy excluded UM/UIM benefits for any vehicle insured under that policy. The court found that "the public policy behind the underinsurance provisions of the Motor Vehicle Financial Responsibility Act [was] not violat[ed] by" the policy's exclusion. ***Id.*** at 474. Further, the court reasoned that when the legislature required UM and UIM coverage provisions, they did not intend that individuals would be able to recover both third party liability benefits and first party underinsurance motorist benefits from the same policy. ***Id.*** at 475. To allow otherwise "would turn underinsurance coverage into additional liability coverage" which was not its intended purpose. ***Id.*** Therefore, we find that [Appellant] may not claim UM or UIM benefits under the Fonte Policy … and that summary judgment is appropriate at this time.

TCO at 7-8.

Next, the trial court considered whether Appellant is eligible for UM or UIM benefits under her mother's home insurance policy, as it is undisputed that Appellant was a resident relative of her mother at the time of the accident. ***See id.*** at 8. The Loomis Policy provides, in relevant part:

EXCLUSIONS – READ THE FOLLOWING CAREFULLY, IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.

Coverage under this Part III will not apply:

To bodily injury sustained by any person while using or occupying;

b. A motor *vehicle that is owned by* or available for regular use of you [policyholder] *or a relative*. This exclusion does not apply to a covered auto that is insured under this Part III.

- 8 -

*Id.* at 9 (citation omitted) (emphasis added by trial court).

Based on the plain language of the Loomis policy, the trial court agreed

with Progressive that, as a result of the "family car" or "household exclusion,"

Appellant may not make a UM or UIM claim under her mother's policy. ***See***

***id.*** at 9.

> [I]t is undisputed this accident occurred while [Appellant] was
> driving her own 2004 Dodge Stratus. It is further undisputed that
> she was a resident relative of her mother at the time of the
> accident. Lastly, the 2004 Dodge Stratus was not a covered auto
> under the Loomis Policy. Therefore, [Appellant] cannot use the
> Loomis Policy to claim UM or UIM benefits. Pennsylvania courts
> has [*sic*] held that "household" and "family car" exclusions are
> valid and not against public policy. ***See Prudential Prop. & Cas.***
> ***Ins. Co. v. Colbert***, 572 Pa. 82, 813 A.2d 747 (2012);
> ***Eichelman v. Nationwide Ins. Co.***, 551 Pa. 558, 711 A.2d 1006
> (1998). The ***Eichelman*** court noted that "there is a correlation
> between premiums paid by the insured and the coverage the
> claimant should reasonably expect to receive." ***Eichelman***[, 711
> A.2d] at 1011 [(]quoting ***Hall v. Amica Mut. Ins. Co.***, 538 Pa.
> 337, 349, 648 A.2d 755, 761 (1994)[)]. The ***Prudential*** [C]ourt
> noted that disallowing family car exceptions under home
> insurance policies would lead to "gratis coverage on a vehicle that
> [the] insurer never knew existed." ***Prudential***[, 813 A.2d] at
> 754. Further, rather than making insurance more affordable,
> insurance companies "would be compelled to underwrite unknown
> risks that the insureds neither disclosed nor paid to insure" and
> could potentially lead to car owners collecting UM or UIM benefits
> under an unlimited number of family member's insurance policies.
> ***Id.*** This would be fundamentally unfair to both the insurance
> companies and to those that dutifully insure their vehicles and pay
> premiums.

*Id.* at 9-10.

In conclusion, the trial court opined:

> [Appellant] has failed to provide any argument against a
> plain reading of the policy. [Appellant] has avoided the plain
> language argument under the Loomis Policy by arguing "insurance

giant" Progressive is attempting to prevent her from "stacking" policies. [Appellant] is correct that insurance benefits may be stacked and an injured party may recover under multiple policies under certain fact patterns. ***See Tallman v. Aetna Cas. & Sur. Co.***, 372 Pa. Super. 593, 539 A.2d 1354 (1998). However, we find no merit in the argument that Progressive is attempting to prevent [Appellant] from stacking the policies. Rather, Progressive correctly argues that the exclusions in the Fonte and Loomis policies individually prevent [Appellant] from receiving benefits. Therefore, we find that summary judgment in favor of Progressive is appropriate at this time.

***Id.*** at 10. After careful review, we deem the trial court's findings to be well-supported by the record.

As Appellant failed to establish a genuine issue of material fact, we conclude that the trial court did not commit an error of law or abuse its discretion when it granted Progressive's motion for summary judgment.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18

- 10 -