J-A22022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JACQUELINE M. RICHARDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NATIONWDE PROPERTY AND | : | No. 332 WDA 2022 |
| CASUALTY INSURANCE COMPANY | : | |

Appeal from the Order Dated February 23, 2022
In the Court of Common Pleas of Fayette County Civil Division at No(s):
No. 289 of 2019, G.D.

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:            **FILED: SEPTEMBER 27, 2022**

Appellant, Jacqueline M. Richards, appeals from the February 23, 2022 Order entered in the Fayette County Court of Common Pleas granting the motion for summary judgment filed by Appellee, Nationwide Property and Casualty Insurance Company ("Nationwide"), denying her motion for partial summary judgment, and dismissing her complaint in this insurance coverage dispute.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On June 5, 2016, Appellant sustained injuries in an automobile accident while she was a passenger in a vehicle operated by her husband.[1]  At the relevant time,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's husband lost control of the couple's vehicle and struck a concrete highway divider.

Appellant was a policyholder of two Nationwide policies. Nationwide issued the first policy ("First Policy") to Appellant and her husband covering the car involved in the instant accident. The second policy ("Second Policy"), also issued to Appellant and her husband, covered other household vehicles.

Because Appellant's husband was the at-fault driver in the accident, Appellant made a bodily injury claim under the First Policy. Nationwide paid the policy limits of $50,000 under the First Policy. On April 12, 2018, Appellant executed a release ("Release") of Nationwide as to all claims arising from the accident in exchange for receiving those funds.

Appellant then filed a claim arising from the same accident seeking underinsured motorist ("UIM") benefits under the Second Policy. She asserted that she and Nationwide mutually understood that the Release would not affect her UIM claim.

On May 9, 2018, Nationwide denied Appellant's claim under the Second Policy, citing the Second Policy's definition of an "underinsured motor vehicle," which excluded UIM benefits for "any motor vehicle furnished for the regular use of you, a resident, or a relative."[2]

---

[2] Nationwide also denied coverage based on the Second Policy's regular use exclusion. Nationwide, however, abandoned this basis for denial in its Answer and New Matter filed on July 30, 2021. *See* Answer and New Matter, 7/30/21, at ¶ 14

Following Nationwide's denial of her UIM claim, on July 8, 2021, Appellant filed an Amended Complaint[3] seeking, *inter alia*, a declaratory judgment that the policy exclusion invoked by Nationwide as the basis for denial of her UIM claim—the underinsured motor vehicle exclusion—was unenforceable because it conflicted with the mandates of the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§ 1701-1799.7.

On July 30, 2021, Nationwide filed an Answer and New Matter in which it asserted that the Second Policy's underinsured motor vehicle exclusion was not in conflict with the relevant provision of the MVFRL and was, therefore, enforceable to bar Appellant's UIM claim. Nationwide also raised, for the first time, the Release as a basis for denying Appellant's UIM claim.

On August 31, 2021, Appellant filed a response to Nationwide's new matter. Appellant asserted that the Release did not bar her claims because, *inter alia*, Nationwide waived the effect of the Release and was equitably estopped from asserting the Release as a defense because Nationwide did not initially invoke it to deny coverage.

Following the close of discovery, on September 29, 2021, Appellant filed a Motion for Partial Summary Judgment seeking a judgment as a matter of law that the Second Policy's underinsured motor vehicle exclusion was unenforceable because: (1) it conflicts with the MVFRL; and (2) it is a *de facto* waiver of UIM benefits.

---

[3] Appellant filed her initial Complaint in Declaratory Judgment on February 8, 2019.

On November 5, 2021, Nationwide filed an answer to Appellant's motion denying that the underinsured motor vehicle exclusion conflicts with the MVFRL and that it operates as a *de facto* waiver of UIM coverage.

On December 7, 2021, Nationwide filed a Motion for Summary Judgment averring that it was entitled to judgment as a matter of law because both the Release and the Second Policy's underinsured motor vehicle exclusion barred Appellant's claims. Appellant filed a response in which she argued, *inter alia*, that a genuine issue of material fact existed as to whether that the Release was the product of mutual mistake and was, therefore, unenforceable. She also restated the arguments she asserted in her motion for summary judgment, *i.e.*, waiver and estoppel.

On February 23, 2022, the trial court granted summary judgment in favor of Nationwide after concluding that the Release barred Appellant's claims.

This timely appeal followed. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The trial court filed a statement in lieu of a Rule 1925(a) opinion referring this Court to its February 23, 2022 opinion for discussion of Appellant's issues.

Appellant raises the following three issues on appeal:

I.     Whether the trial court erred in dismissing [] Appellant's First Amended Complaint when issues of fact existed as to whether Nationwide [] waived the effect of the release?

II.    Whether the trial court erred in dismissing Appellant's First Amended Complaint when issues of fact existed as to

whether Nationwide [] was estopped from invoking the release as a basis to deny coverage?

III.    Whether the trial court erred in failing to determine that Nationwide['s] [d]efinitional [l]imitation, which is the operational equivalent of the regular use exclusion, violated the [MVFRL] and is unenforceable?

Appellant's Brief at 4.

**A.**

Appellant challenges the trial court's order granting summary judgment in favor of Nationwide. Our Supreme Court has clarified our role as the appellate court as follows:

> On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted); *see also* Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers*, 997 A.2d at 1159. "In so doing, the trial court must

resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." **Id.** (citation and internal quotation marks omitted).

**B.**

In her first issue, Appellant asserts that the trial court erred as a matter of law in concluding that Nationwide had preserved the right to assert the preclusive effect of the Release even though Nationwide did not rely on the Release as a ground for denying Appellant's UIM claim in the denial of coverage letter. Appellant's Brief at 14-17. She concedes that the language of the Release is unambiguous and acknowledges that she executed it. **Id.** at 14. She further concedes that the purpose of the Release was to obtain a settlement from Nationwide under the First Policy, that she read the Release, and that she signed it on the advice of counsel. **See** N.T. Appellant Deposition, 4/22/21, at 36-37. Nevertheless, she concludes that "Nationwide's failure to invoke the release when denying [her] UIM claim demonstrates its waiver of the same against [] Appellant." Appellant's Brief at 16. She also avers that she suffered prejudice by Nationwide's actions because, had Nationwide informed her that the Release precluded her UIM claim she would not have filed the instant lawsuit challenging the Second Policy's regular use and underinsured motor vehicle exclusions. **Id.** at 17.

"Waiver is the voluntary and intentional abandonment or relinquishment of a known right." **Prime Medica Assoc. v. Valley Forge Ins. Co.**, 970 A.2d

1149, 1156 (Pa. Super. 2009). "Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." *Id.* at 1157 (citation omitted).

In the absence of the express waiver of a right by one party, Pennsylvania courts will only presume or impute waiver where the person claiming the waiver can show that he was misled by the conduct of the opposing party and was prejudiced thereby. ***Zivari v. Willis***, 611 A.2d 293, 295 (Pa. Super. 1992) (citations omitted). Thus, absent a showing of prejudice to the insured, the failure to raise all possible defenses in a denial of coverage letter is not a waiver. ***See Nationwide Mut. Ins. Co. v. Nixon***, 682 A.2d 1310, 1314 (Pa. Super. 1996) (where the court rejected a claim that failing to include a defense in its reservation of rights letter constituted waiver, where the insured was on notice of the denial of coverage and suffered no prejudice.).

Appellant does not dispute that Nationwide did not expressly waive its right to enforce the Release. Thus, as established by the foregoing authority, Appellant's claim that Nationwide waived the preclusive effect of the Release simply by not invoking it in the initial denial of coverage letter fails. To be entitled to relief, Appellant must, therefore, demonstrate that Nationwide's conduct misled her and that she suffered prejudice.

Appellant argues in her Brief that Nationwide's failure to rely on the Release when initially denying her claim caused her prejudice by inducing her

into filing the instant lawsuit. Appellant's Brief at 16. She asserts that "[h]ad Nationwide premised its denial of her UIM claim on the [R]elease, [Appellant] would likely have terminated her claims." *Id.* at 17. This Court's review of the certified record, including Appellant's response to Nationwide's motion for summary judgment and Appellant's Rule 1925(b) statement, indicates that Appellant has raised this prejudice argument for the first time on appeal. It is, thus, waived.[4] *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4) (requiring an appellant to "identify each error that [she] intends to assert with sufficient detail to identify the issue to be raised for the [trial] judge.").

In sum, we conclude that the trial court properly found that no genuine issue of material fact exists as to the applicability of the Release to bar Appellant's UIM claim. Accordingly, we affirm the trial court's order granting Nationwide's motion for summary judgment.[5]

Order affirmed.

---

[4] Moreover, even if she had not waived this issue, Appellant's bald claim that Nationwide's conduct induced her into filing this lawsuit and that, as a result, she suffered prejudice, would not entitle her to relief.

[5] In light of our disposition, we need not address Appellant's remaining issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  09/27/2022