J-A15005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRAD AND MELISSA HARDING, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF DANIEL BLAKE HARDING | : | No. 99 MDA 2024 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered January 8, 2024
In the Court of Common Pleas of Lycoming County Civil Division at
No(s): CV-2023-00668-CV

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 22, 2024**

Appellants, Brad and Melissa Harding ("Father" and "Mother," respectively), individually and as administrators of the Estate of Daniel Blake Harding ("Son"), appeal from the January 8, 2024 order entered by the Lycoming County Court of Common Pleas, which granted judgment on the pleadings to Appellee, Erie Insurance Exchange ("Erie"), in this declaratory judgment action involving the underinsured motorist ("UIM") coverage applicable to Son's fatal motorcycle accident. Based upon its interpretation of the policy language, the trial court determined that Mother's policy with Erie ("Mother's Policy"), which covered Son's motorcycle, provided UIM coverage for Son's accident but limited the recovery to the UIM limits elected by Mother.

---

[*] Former Justice specially assigned to the Superior Court.

The court also concluded that the stacked UIM coverage elected by Mother did not apply because Son did not reside in Mother's household. After careful review, we affirm the trial court's grant of Erie's motion for judgment on the pleadings to the extent it required application of the lower UIM limits requested by Mother but reverse the order to the extent the court failed to stack UIM coverage; we instead remand to the trial court to grant Appellants' motion for judgment on the pleadings on the stacking issue and to take any other action consistent with this decision.

The following are the relevant facts and procedural history. On April 7, 2023, Son died in a motorcycle accident. At the time of the accident, Son resided with Father, but insured his motorcycle under Mother's Policy with Erie. The Estate recovered under the third-party tortfeasor's insurance policy and the stacked limits of UIM coverage under Father's Erie policy. Erie offered the Estate $100,000, which was the UIM coverage limit elected by Mother for the motorcycle; Erie, however, refused to provide stacked UIM coverage on the four vehicles (including the motorcycle) covered on the policy, which would have resulted in either a total of $400,000, or a total of $1 million, depending on the applicability of Mother's election of lower UIM limits. Erie claimed that the stacked UIM coverage was only available to Mother as the "named insured" or to any "resident relatives," which did not apply to Son as he resided with Father. Appellants, in contrast, argued that stacked UIM coverage applied because Son was named as an "insured" in the policy based upon the following

phrase describing the ownership of a vehicle: "DANIEL & MELISSA HARDING-CHILD/INSURED[.]" Mother's Policy, Declarations at 3.

On June 21, 2023, Erie filed a declaratory judgment action against Appellants to address the coverage issues. Erie and Appellants both filed motions for judgment on the pleadings. On January 8, 2024, the trial court granted Erie's motion for judgment on the pleadings and denied Appellants' cross-motion.

On January 18, 2024, Appellants filed their notice of appeal. Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following questions on appeal:

1. Is the Estate[] entitled to stacked UIM benefits under the Erie Policy even though [Son] was an insured within the meaning of the Pennsylvania Motor Vehicle Financial Responsibility Law?

> 1a. In the alternative, did the trial court err by failing to allow the parties to develop an evidentiary record surrounding the parties' intent and expectations regarding the scope of coverage under the Erie Policy?

2. Did the UIM sign-down form executed by only [Mother], by its plain language, only reduce the limits of UIM coverage for [Mother] and members of her household?

**A.**

"Appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial." *Bowman v. Sunoco, Inc.*, 986 A.2d 883, 886 (Pa. Super. 2009) (citation omitted). A trial court should grant "judgment on the pleadings only

- 3 -

if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise." ***Tibbitt v. Eagle Home Inspections, LLC***, 305 A.3d 156, 159 (Pa. Super. 2023) (citation omitted). As with the trial court, "we confine our review to the pleadings and relevant documents, and we accept as true all well-pleaded statements of fact in favor of the non-moving party." ***Baumbach v. Lafayette Coll.***, 272 A.3d 83, 88 (Pa. Super. 2022).

This case involves the interpretation of Mother's insurance policy, which presents "a pure question of law subject to a plenary scope of review and a *de novo* standard of review." ***Kramer v. Nationwide Prop. & Cas. Ins. Co.***, 313 A.3d 1031, 1039 (Pa. 2024). As with any contract, our goal is to "ascertain the intent of the parties as manifested by the terms used in the written insurance policy." ***401 Fourth St., Inc. v. Invs. Ins. Grp.***, 879 A.2d 166, 171 (Pa. 2005). While courts apply the plain language when it is unambiguous, we construe ambiguous language "in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage." ***Pennsylvania Nat. Mut. Cas. Ins. Co. v. St. John***, 106 A.3d 1, 14 (Pa. 2014) (citation omitted). "Contract language is ambiguous if it is reasonably susceptible to more than one construction and meaning." ***Id.***

In interpreting policy language, we "will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties." ***401 Fourth St., Inc.***, 879 A.2d at 171.

When faced with ambiguous policy language, courts will consider "the reasonable expectations of the insured." ***Nationwide Mut. Ins. Co. v. Nixon***, 682 A.2d 1310, 1313 (Pa. Super. 1996). Moreover, it is well-established that policy provisions "in conflict with, or repugnant to, statutory provisions[,]" such as the Motor Vehicle Financial Responsibility Law ("MVFRL"), "must yield to the statute, and are invalid, since contracts cannot change existing statutory laws." ***Prudential Prop. & Cas. Ins. Co. v. Colbert***, 813 A.2d 747, 751 (Pa. 2002) (citation omitted).

The relevant provision of the MVFRL is Section 1738, which addresses stacking of UIM benefits:

> When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for **an insured** shall be the sum of the limits for each motor vehicle as to which the injured person is **an insured**.

75 Pa.C.S § 1738(a) (emphasis added). The statute defines "Insured" in relevant part as "[a]n individual **identified by name as an insured** in a policy of motor vehicle liability insurance" or specified resident relatives.[1] ***Id.*** at § 1702 (emphasis added).

---

[1] In full, the MVFRL defines "Insured" as "[a]ny of the following:"

> (1) An individual identified by name as an insured in a policy of motor vehicle liability insurance.

> (2) If residing in the household of the named insured:

*(Footnote Continued Next Page)*

**B.**

As Appellants argue that Mother's insurance policy provided stacked UIM coverage for Son, we turn to the policy language. The policy covered four vehicles, including the motorcycle involved in the accident. Mother's Policy, Declarations at 1. It named Mother and Son as the only two included drivers. *Id.*

The policy provided UIM coverage limits of $100,000 per person/$300,000 per accident, as a result of Mother signing a waiver to reduce the UIM limits from the default limit, which would have equaled the policy's bodily injury liability coverage limits of $250,000 per person/$500,000 per accident. *Id.* at 2. Thus, stacked coverage for the four vehicles covered by the policy would provide a total of $400,000 per person under the reduced limits, or $1 million under the default limits.

The policy stated that stacked UIM coverage applied only where the "injured person is '**you**' or a '**relative**[;]'" in all other cases, the injured person would receive the UIM limits applicable to only the vehicle involved in the accident. Mother's Policy, UIM Coverage Endorsement at 4 (emphasis altered). The General Policy Definitions defined the relevant terms as follows:

---

(i) a spouse or other relative of the named insured; or

(ii) a minor in the custody of either the named insured or relative of the named insured.

75 Pa.C.S. § 1702 ("Insured").

> "**You**," "**Your**" or "**Named Insured**" means the "Subscriber" identified as a Named Insured on the "Declarations" and others **identified as Named Insured(s) on the "Declarations."**

Mother's Policy, General Policy Definitions, at 3 (emphasis altered).

> "**Relative**" means a "**resident**" of "your" household who is a: 1. person related to "you" by blood, marriage, or adoption; or 2. ward or other person under 21 years old in "your" care.
>
> * * * *
>
> "**Resident**" means a person who physically lives with "you" in "your" household on a regular basis.  "Your" unmarried, emancipated children attending school full time, living away from home, will be considered "residents" of "your" household.

*Id.* at 2 (emphasis altered).

Son did not fall under the Policy's definition of "You" because the Declarations page listed only Mother under the heading "Named Insured[.]" Moreover, Son did not qualify as a "Relative" because he was not a "Resident" of Mother's household as he resided with Father.  Thus, under these provisions, Son would not have been eligible for stacked UIM coverage.

**\*\*\***

Appellants, however, argue that the policy must comply with the MVFRL which provides for stacked coverage for "insureds," which is defined in relevant part as "[a]n individual identified by name as an insured in a policy of motor vehicle liability insurance."  Appellants' Br. at 19-20; 75 Pa.C.S. §§ 1738, 1702.  As noted above, Appellants maintain that Son was "identified by name as an insured" in Mother's Policy, based upon the following language: "Vehicle 3 DANIEL & MELISSA HARDING-CHILD/**INSURED**[.]" Appellants' Br. at 15 (quoting Policy Declarations at 3) (emphasis added).  This language

appears in a section of the Declarations clarifying that Mother was not the sole owner of Vehicle 3.

Appellants argue that "Erie's use of a virgule ("/"), as opposed to the ampersand ("&") immediately preceding it, indicates that the declarations page is specifically referring to Daniel Harding as both the child of Melissa Harding and an insured." *Id.* at 9. Appellants emphasize that if Erie intended to refer to Daniel only as Child and Melissa as Insured it could have made that clear in a variety of other ways, including "Daniel & Melissa Harding-Child & Insured" or "Daniel (Child) and Melissa (Insured) Harding." *Id.* at 28.

Appellants additionally observe that Erie utilized a virgule in another provision on the same page to identify Son as the nouns on both sides of the virgule. *Id.* at 28-29. Specifically, in a provision identifying vehicles that were not housed at Mother's address, the policy stated as follows: "Vehicle 3: OWNER/PRINICPAL DRIVER AGE 20 WITHOUT DRIVER TRAINING." Declarations at 3. Appellants contend that the use of the virgule identifies Son as both an owner and the 20-year-old principal driver of Vehicle 3, just as they argue that he was both a child and an insured. Thus, Appellants maintain that the phrase "child/insured" identified Son "by name as an insured[,]" such that he should receive stacked coverage pursuant to the MVFRL. Appellants' Brief at 9-10.

Alternatively, Appellants contend that the virgule creates ambiguity, which must be interpreted in their favor and against Erie, as the drafter. *Id.* at 20-30. Appellants emphasize the "ambiguity of the virgule," through

various dictionary definitions, which explain that the virgule can be "used to mean 'or' (as in and/or), 'and/or' (as in bottles/cans), or 'per' (as in kilometers/hour) or as a division sign in fractions (as in ¾)." *Id.* at 22-23 (citation omitted). Moreover, Appellants contend that Son reasonably expected stacked UIM benefits given that the policy insured his vehicle, Erie collected a premium for stacked UIM coverage for the vehicle, and the policy referenced him as an 'insured,' on the declarations page. *Id.* at 31-32.

Finally, in the event ambiguity remains, Appellants ask this Court to remand to the trial court to allow Appellants to present evidence showing the parties' intent regarding stacked coverage for Son, "such as (1) [Son] paying his portion of the insurance premiums to his mother and (2) any testimony regarding discussions between [Mother] and her local Erie insurance agent concerning the coverage she requested." *Id.* at 33.

The trial court rejected Appellants' claim of ambiguity and instead found that the policy's plain language limited stacked UIM coverage to Named Insureds and resident relatives, which did not include Son. Trial Ct. Op., 1/8/24, at 9. While acknowledging that virgules may be ambiguous, the court opined that in this case Appellants were "creating ambiguity where none exists." *Id.* at 10. The court instead found that the phrase "DANIEL & MELISSA HARDING-CHILD/INSURED" referred to Daniel as "Child" and Melissa as "Insured." *Id.* at 10-11. The court rejected application of a reasonable expectations analysis, noting that reasonable expectations are only relevant where a policy is ambiguous. *Id.* at 11. Erie expands on the court's analysis,

- 9 -

emphasizing that Appellants' reading of the virgule phrase would suggest that Melissa is also a "Child," which it views as an unreasonable reading of the provision. Erie's Br. at 27-28. After careful consideration, we disagree with the trial court and Erie, as we find the phrase ambiguous.

In deciding this case, we emphasize the limited nature of the question presented, which involves analysis of a phrase specific to Mother's Policy: "DANIEL & MELISSA HARDING-CHILD/INSURED." The question is whether this phrase identified Son "by name as an insured" for purposes of receiving stacked UIM coverage under Sections 1702 and 1738 of the MVFRL.

In stating this question, we emphasize that this issue is distinct from the questions Erie seeks to address. Indeed, we agree with Erie that the policy does not identify Son as a "Named Insured" as the policy lists only Mother as a "Named Insured." Erie's Br. at 10-11. Likewise, the issue is not whether Son is an insured merely because his name appeared somewhere in the policy, such as a listed driver, as that would not qualify as being "identified by name as an insured," 75 Pa.C.S. § 1702, nor is the question whether Son was merely a person covered by the policy. Erie's Br. at 13-14. Accordingly, we reject Erie's reliance on cases involving guest passengers or individuals listed solely as drivers or operators. *Id.* at 16-24 (citing, *inter alia*, ***Erie Ins. Exch. v. King***, 246 A.3d 332, 343 (Pa. Super. 2021); ***Grix v. Progressive Specialty Ins. Co.***, 2020 WL 618557 (Pa. Super. 2020) (unpublished decision); ***Amica***

*Mut. Ins. Co. v. Donegal Mut. Ins. Co.*, 545 A.2d 343, 349 (Pa. Super. 1988)).[2]

We instead conclude that the phrase "DANIEL & MELISSA HARDING-CHILD/INSURED" creates ambiguity regarding whether it "identified [Daniel] by name as an insured" for purposes of stacked UIM coverage under Sections 1702 and 1738 of the MVFRL. Specifically, we find it equally reasonable to read the virgule ("/") as either "or," or "and/or" to produce the following phrases:

DANIEL & MELISSA HARDING-CHILD or INSURED

DANIEL & MELISSA HARDING-CHILD and/or INSURED

While the first version arguably equates Daniel with Child and Melissa with Insured, the iteration using "and/or" can reasonably be read to designate Daniel as both Child and Insured, while permitting Mother to be only Insured.

---

[2] We additionally distinguish cases relied upon by Erie involving the separate question of whether the injured party "resided" with the named insured. Erie Br. at 14-15, 20-24 (citing, *inter alia*, *Grix*, 2020 WL 618557; *Erie Ins. Exch. v. Weryha*, 931 A.2d 739, 745 (Pa. Super. 2007); *Amica Mut. Ins. Co.*, 545 A.2d at 346). Appellants acknowledge that Son did not reside with Mother in this case.

We likewise find Erie's reliance on *Generette v. Donegal Mut. Ins. Co.*, 957 A.2d 1180 (Pa. 2008), inapplicable as that case involved whether the policy under which the injured party was indisputably named as an insured was required to provide excess or gap UIM coverage in addition to the coverage the injured party received as a guest passenger under a different policy. In so concluding, the Court held that guest passengers did not fall within Section 1702's definition of an "insured" for purposes of a waiver of stacked UIM coverage. *Id.* at 1190. *Generette* did not involve whether the injured party was named in the policy as an insured as is the issue in the instant case.

Erie, as policy drafter, had the ability to clarify the meaning of this phrase with more precise phrasing. Accordingly, we read this ambiguity against Erie and in favor of Appellants to conclude that the policy's idiosyncratic phrasing and formatting results in Son falling within Section 1702's definition of an insured, because Son was "identified by name as an insured." Thus, absent waiver of stacked coverage, Son falls within Section 1738's provision of stacked coverage to an insured. Accordingly, applying the policy in conformity with the MVFRL, we conclude that the provision of stacked coverage in Mother's Policy applies to Son.

## C.

Appellants' second question addresses whether Mother's election of reduced UIM coverage limits applies to Son. Appellants' Br. at 34-36. The MVFRL requires insurers to offer UIM coverage to insureds, with the default coverage amount being equal to the policy's bodily injury liability coverage limits. 75 Pa.C.S. §§ 1731(a);(c.1). An insured may waive UIM coverage entirely pursuant to Section 1731(c) or may request UIM limits less than bodily injury liability coverage limits under Section 1734:

> A named insured may request in writing the issuance of coverages under section 1731 (relating to availability, scope and amount of coverage) in amounts equal to or less than the limits of liability for bodily injury.

*Id.* at § 1734. The MVFRL does not dictate language for a reduction in UIM coverage limits, in contrast to the required forms for waiver of UIM coverage under Section 1731(c) and waiver of stacking under Section 1738(d).

- 12 -

As stated above, Mother executed the following form to reduce her UIM coverage to $100,000 per person/$300,000 per accident from the default of $250,000 per person/$500,000 per accident, which matched her policy's bodily injury liability coverage limits:

> By signing this form, I am requesting for **myself and members of my household** underinsured motorist coverage in an amount less than the limits of my bodily injury coverage. I am knowingly and voluntarily rejecting underinsured motorist coverage in an amount equal to my bodily injury liability limits . . . .

Private Passenger Auto Application – PA, signed 3/15/21, at 9 ("Sign-Down Form") (emphasis added). The bolded language mirrors the language mandated for the waiver of stacking in Section 1738(d) and is similar to the required language of Section 1731(c), which applies to "myself and all relatives residing in my household[.]" 75 Pa.C.S. §§ 1738(d), 1731(c).

As applied to the instant case, neither the term "myself" nor "members of my household" applied to Son as he did not sign the form nor reside with Mother. The trial court, however, concluded that the reduced limits applied because Son was a third-party beneficiary of the policy. Trial Ct. Op. at 13.

Generally, for an individual to qualify as a third-party beneficiary, "both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1088 (Pa. Super. 2005) (citation omitted). As applied to insurance policies, this Court has held that injured parties who are not signatories are third-party beneficiaries of the policy. *Egan v. USI Mid—Atlantic, Inc.*, 92 A.3d 1, 20 (Pa. Super. 2014).

- 13 -

Third party beneficiaries "are bound by the same limitations in the contract as the signatories of that contract." ***General Acc. Ins. Co. of America v. Parker***, 665 A.2d 502, 504 (Pa. Super. 1995) (citation omitted). Indeed, in ***Parker***, this Court held that the policy holder's signature on a form rejecting uninsured motorist coverage for herself "and all relatives residing in my household[,]" bound the injured party as a third-party beneficiary, even though they were not a resident relative of the signatory. ***Parker***, 665 A.2d at 503-04; ***see also Golik v. Erie Ins. Exch.***, 300 A.3d 514, 522 (Pa. Super. 2023) ("Our Courts have long held that third parties, drivers, and named insureds are bound by the decisions of the first named insured.").

\*\*\*

Appellants assert that Mother's election of reduced UIM limits in the Sign-Down Form applies only to Mother and her household members. Applying the maxim *expressio unius est exclusion alterius*, Appellants argue that the explicit mention of Mother and her household members should be read to exclude application of the reduced limits to "other insureds." Appellants' Br. at 34-36. Appellants emphasize that, unlike the statutorily mandated waiver language of Sections 1731 and 1738, Erie had authority to clarify its language to include "other insureds" in the Sign-Down Form. ***Id.*** at 34. Appellants, therefore, contend that other insureds, such as Son, should have UIM coverage equal to the bodily injury liability coverage limits of $250,000 of UIM per vehicle, which stacked for four vehicles would total $1 million. ***Id.*** at 37.

As noted, the trial court found that Mother's election of lower UIM limits applied to Son as a third-party beneficiary of the policy. Trial Ct. Op. at 13. Emphasizing that Mother received lower premiums as a result of her election of reduced coverage, the trial court reasoned that "it is entirely sensible that the election of benefits by the person who is financially responsible for the Policy is applicable to all persons covered by the Policy." *Id.*

We agree. Based on the precedent set forth above, we conclude that Mother's coverage elections were binding on Son as a non-signatory, third-party beneficiary of Mother's insurance policy. Therefore, we affirm the trial court's determination that the reduced limits of UIM coverage applied to Son.

Thus, we affirm the trial court's grant of Erie's motion for judgment on the pleadings on the limits of UIM coverage but reverse the order to the extent the court failed to stack UIM coverage; we instead remand to the trial court to grant Appellants' motion for judgment on the pleadings on the stacking issue and take any other action consistent with this decision.

Order affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/22/2024</u>